**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------

**NICOLE LAWTONE-BOWLES,**

                **Plaintiff,**

     - against -

**THE CITY OF NEW YORK DEPARTMENT OF SANITATION,**

                **Defendant.**
--------------------------------

13 Civ. 1433 (JGK)

<u>MEMORANDUM OPINION AND ORDER</u>

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Nicole Lawtone-Bowles, filed a complaint dated March 4, 2013, in which she alleged that she was assaulted, denied an accommodation for disability, and terminated. The plaintiff used a form complaint.

    The defendant, the City of New York Department of Sanitation, moved to dismiss the complaint arguing that the plaintiff's claims were foreclosed by an adverse determination against the plaintiff in an Article 78 proceeding in New York state court; that the City is not liable for the intentional torts of its employees acting outside the scope of their employment; and that the plaintiff's possible claims under the New York State Human Rights Law were foreclosed by a finding of no probable cause by the State Division of Human Rights.

    In her papers in opposition to the defendant's motion, the plaintiff included a new "Complaint for Employment Discrimination," which was prepared using a form that lists

numerous statutes, all of which the plaintiff now claims were violated, and which were not mentioned in the plaintiff's original complaint.  Violation of some of these statutes, such as Title VII of the Civil Rights Act of 1964, would require conduct that was not mentioned in the original complaint.  The plaintiff also alleges acts, such as retaliation, that were not mentioned in the original complaint.  However, the factual allegations in the new complaint do not appear to support all of the statutory violations and acts that the plaintiff has alleged.

It is unclear how these additional allegations affect the defendant's motion.  For example, it is unclear what effect the Article 78 determination would have on any additional allegations.

Leave to amend should be freely granted.  The Court made it clear at the pre-motion conference before the defendant filed its motion to dismiss, and in the Court's July 11, 2013 Order, that if the plaintiff wished to file an amended complaint, she should write a letter to the Court asking for permission to do so.  While the plaintiff responded to the motion to dismiss, she plainly seeks the opportunity to file an amended complaint and should be permitted the opportunity to do so.

A complaint should provide fair notice of the plaintiff's claims and the factual allegations that support them.  <u>Bell</u>

2

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Therefore, the plaintiff is directed to file an amended complaint that specifically lists the statutes that the plaintiff claims were violated.  The plaintiff should also include sufficient factual allegations to show that she has plausible claims under each of the statutes that plaintiff claims were violated.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556, 557, 570).  Conclusory allegations are not sufficient.  See id.

    A Form for an Amended Employment Discrimination Complaint is attached.  If the plaintiff has other claims, she should explain what they are and the factual basis for each such claim.  The plaintiff may contact the Pro Se Office for guidance.  The Amended Complaint is to be filed by **October 25, 2013.**

    The defendant's motion to dismiss is **denied without prejudice to renewal after the plaintiff has filed her amended complaint**.  The Clerk is directed to **close Docket No. 17.**

**SO ORDERED.**

**Dated:     New York, New York**
          **October 2, 2013**          _____/s/_____
                                              **John G. Koeltl
                                 United States District Judge**