**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**NICOLE LAWTONE-BOWLES,**                              No. 13 Civ. 1433 (JGK)

                              **Plaintiff,**            <u>OPINION AND ORDER</u>

          **- against –**

**THE CITY OF NEW YORK, DEPARTMENT OF**
**SANITATION, ET AL.,**

                              **Defendants.**
_____

**JOHN G. KOELTL, District Judge:**

     Pro se plaintiff Nicole Lawtone-Bowles brings this action

against the City of New York, Department of Sanitation ("DSNY")

and Kadaya Pouncie, alleging employment discrimination,

retaliation, failure to accommodate, assault, and negligent

supervision and retention under various provisions of state and

federal law.[1]  The DSNY has moved to dismiss the plaintiff's

_____

[1] The plaintiff checked boxes on her form complaint indicating
that her discrimination, retaliation, and failure-to-accommodate
claims arise under Title VII of the Civil Rights Act of 1964
("Title VII"), 42 U.S.C. §§ 2000e et seq.; the Age
Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.
§§ 621 et seq.; the Americans with Disabilities Act ("ADA"), 42
U.S.C. §§ 12112 et seq.; the New York State Human Rights Law
("NYSHRL"), N.Y. Exec. Law §§ 290 et seq.; and the New York City
Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 et
seq.

claims against it under Rules 12(b)(1) and 12(b)(6) of the
Federal Rules of Civil Procedure.[2]

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6),
the allegations in the complaint are accepted as true, and all
reasonable inferences must be drawn in the plaintiff's favor.
McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.
2007).  The Court's function on a motion to dismiss is "not to
weigh the evidence that might be presented at a trial but merely
to determine whether the complaint itself is legally
sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir.
1985).  The Court should not dismiss the complaint if the
plaintiff has stated "enough facts to state a claim to relief
that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550
U.S. 544, 570 (2007).  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009).  While the Court should construe the factual allegations
in the light most favorable to the plaintiff, "the tenet that a

---

[2] Defendant Pouncie has not joined the DSNY's motion and there is
no indication that Pouncie has been served.

court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Seymore v. Dept. of Corr. Servs., No. 11 Civ. 2254, 2014 WL 641428, at *1 (S.D.N.Y. Feb. 18, 2014).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Winfield v. Citibank, N.A., 842 F. Supp. 2d 560, 564 (S.D.N.Y. 2012).

To survive a motion brought under Rule 12(b)(1), the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  Moreover, in considering such a motion, the Court generally must accept the material factual allegations in the complaint as true, but the Court does not draw all reasonable inferences in the plaintiff's favor.  J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004); Graubart v. Jazz Images, Inc., No. 02 Civ. 4645, 2006 WL 1140724, at *2 (S.D.N.Y. Apr. 27, 2006).  Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists.  See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003).

II.

The following facts are accepted as true for purposes of this motion to dismiss.

4

A.

In June 2012,[3] the plaintiff was employed by the DSNY in a probationary capacity as a Sanitation Enforcement Agent.  (See Am. Compl. at 3, 7; LaRose Decl., Ex. 1 at 6.)  The plaintiff alleges that she made a complaint to her supervisor against Defendant Pouncie, a fellow DSNY employee, after a verbal altercation with Pouncie on June 4, 2012.  (See Am. Compl. at 7.)  Two days after the plaintiff complained about Pouncie, on June 6, 2012, Pouncie assaulted her during her shift.  (See Am. Compl. at 3, 7.)  On the same day, the plaintiff was suspended from her employment.  (Am. Compl. at 9.)  On June 21, 2012, the plaintiff's probationary employment with the DSNY was

---

[3] The plaintiff refers occasionally to the events during her employment that gave rise to this action as having occurred in or before June 2013, (see Am. Compl. at 3, 7), and elsewhere as having occurred in or before June 2012.  (See Am. Compl. at 9.) These events could not have occurred in 2013, because, according to the termination letter received by the plaintiff, she was terminated in June 2012.  (See Decl. of Daniel J. LaRose in Supp. of Def.'s Mot. to Dismiss ("LaRose Decl."), Ex. 1 at 6.) The Amended Complaint explicitly relies upon the terms and effect of this termination letter, (see Am. Compl. at 9), and, accordingly, the Court may rely upon this document for the purposes of deciding this motion to dismiss.  See Chambers, 282 F.3d at 153.

For purposes of clarity, all references to exhibit and page numbers in the LaRose Declaration are to the docket-stamped exhibit and page numbers.  Similarly, all references to page numbers in the Amended Complaint are to the docket-stamped page numbers.

terminated.  (See Am. Compl. at 7, 9; LaRose Decl., Ex. 1 at 6.)
The plaintiff alleges that prior to the assault, the DSNY had
knowledge that Pouncie "had a drug problem and was in several
work place violence incidents with other employees."  (Am.
Compl. at 9; see also Am. Compl. at 3.)

The plaintiff also alleges that at some time during her
probationary employment with the DSNY, she was ordered to work
on foot patrol in the rain.  (Am. Compl. at 9.)  In response,
the plaintiff informed her supervisor that it would be difficult
for her to work on foot patrol because she has degenerative
joint disease in her knees.  (See Am. Compl. at 9.)  The
plaintiff's supervisor nevertheless required the plaintiff to
work the foot patrol shift, which the plaintiff was unable to
complete because of swelling in her knees.  (Am. Compl. at 9.)

Finally, the plaintiff alleges that at some unspecified
time during her training, she "filed an[] EEO complaint against
an employee . . . because he constantly verbally abused [her]."
(Am. Compl. at 9; see also Am. Compl. at 3.)  Her EEO complaint
was denied.  (Am. Compl. at 9.)


B.

On July 10, 2012, the plaintiff filed an Article 78
petition in the New York State Supreme Court, New York County,
alleging, among other things, that her termination from the DSNY

6

was an impermissible disability-related discharge, and that the
DSNY had failed to provide her with a reasonable accommodation
for her disability.  (LaRose Decl., Ex. 1 at 1-2.)[4]  The court
concluded that the record did not yield any inference that the
plaintiff's termination was for any improper reason, and that
altercations between the plaintiff and her peers and supervisors
provided sufficient reason for her termination.  See Lawtone-
Bowles v. City of N.Y. Dep't of Sanitation, No. 401513/12, at 2-
3 (N.Y. Sup. Ct. Feb. 27, 2013).  Accordingly, the plaintiff's
Article 78 petition was denied.  Id. at 3.

On July 11, 2012, the plaintiff filed a complaint with the
New York State Division of Human Rights ("SDHR"), alleging that
her termination arose from discrimination on the basis of age,
arrest record, conviction record, disability, domestic violence
victim status, marital status, race, ethnicity, and sex, and
that her termination was also due to unlawful retaliation for a
complaint that the plaintiff had filed against other DSNY
employees before she was fired.  (LaRose Decl., Ex. 3 at 2-3.)[5]

---

[4] The Court takes judicial notice of the plaintiff's Article 78
petition for the purposes of deciding this motion in order to
establish which arguments were made in the Article 78 proceeding
and when the litigation occurred.  Cf. Int'l Star Yacht Racing
Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir.
1998).

[5] The Court takes judicial notice of the plaintiff's complaint in
her proceedings before the SDHR for the purposes of establishing

The plaintiff also alleged that the DSNY failed to accommodate her disability.  (LaRose Decl., Ex. 3 at 3-4.)  The SDHR concluded that there was no probable cause to believe that the plaintiff's probationary employment was terminated for any unlawful reason and dismissed the plaintiff's complaint.  See Determination and Order After Investigation, Lawtone-Bowles v. City of N.Y., Dep't of Sanitation, No. 10156089, at 3 (N.Y.S. Hum. Rts. Div. Jan. 3, 2013).  The plaintiff did not seek judicial review of this determination.

On March 4, 2013, the plaintiff filed this lawsuit, in which she alleged that she was assaulted, denied accommodation for disability, and unlawfully terminated.  The DSNY moved to dismiss the Complaint, arguing that the plaintiff's claims were foreclosed by the determination in the Article 78 proceeding in state court, and that the plaintiff had failed to state any claims upon which relief could be granted.  In her opposition to the motion, the plaintiff indicated that she wished to amend her Complaint to include additional claims and allegations.  The Court therefore granted the plaintiff leave to file an amended complaint and denied the DSNY's motion without prejudice.  On October 8, 2013, the plaintiff filed her Amended Complaint using

---

which arguments were made and the fact of the litigation and its timing.  Cf. Int'l Star, 146 F.3d at 70.

a form complaint.  In her Amended Complaint, the plaintiff lists numerous statutes that she claims were violated by virtue of her termination by the DSNY, including Title VII, the ADEA, the ADA, the NYSHRL, and the NYCHRL.  The Amended Complaint also includes tort claims against both defendants.  The DSNY now moves to dismiss all claims against it.

III.

The DSNY proffers three grounds upon which the plaintiff's claims against it should be dismissed.  First, the DSNY argues that the plaintiff is collaterally estopped from bringing her discrimination, retaliation, and failure to accommodate claims in this Court.  Next, the DSNY argues that the plaintiff's claims must be dismissed because the plaintiff has failed to plead sufficient facts to state a plausible claim for relief. Finally, the DSNY argues that the Court lacks jurisdiction over the plaintiff's state- and city-law discrimination claims because these claims are barred by the doctrine of election-of-remedies.  The plaintiff has not responded to any of the DSNY's arguments.  Instead, the plaintiff has submitted an affirmation in opposition to the DSNY's motion in which she attests that a New York State Workers' Compensation Board hearing has been

scheduled to address her injuries, and that this proves that she was terminated for an impermissible reason.[6]

### A.

The DSNY argues that the plaintiff's discrimination, retaliation, and failure-to-accommodate claims must be dismissed on the merits because they are barred by the doctrine of collateral estoppel.[7]  The federal full faith and credit statute

---

[6] The plaintiff filed her affirmation in opposition to the DSNY's motion on November 6, 2013.  By notice dated October 31, 2013, the Workers' Compensation Board schedule a pre-hearing conference for November 6, 2013.  (See Ex. to Aff. in Opp. to Mot. at 1-2.)  There is no indication of the outcome of the conference, nor any indication of whether the Workers' Compensation Board has made any findings in the plaintiff's case.  There is therefore no occasion to reach the question of what preclusive effect any determinations by the Workers' Compensation Board might have on the issues in this case.

[7] The DSNY argues that both the Article 78 proceeding and the SDHR proceeding have preclusive effect in this case.  The DSNY expressly relies on 28 U.S.C. § 1738 as the basis for the issue-preclusive effect of the determinations made in prior proceedings.  With respect to the SDHR proceeding, this reliance is misplaced, because § 1738 applies to the judgments of state courts, not state administrative agencies, and the SDHR's determination in this case was not judicially reviewed.  See Univ. of Tenn. v. Elliott, 478 U.S. 788, 794-95 (1986); cf. Lewis v. Health & Hosps. Corp., No. 11 Civ. 99, 2013 WL 2351798, at *4 (S.D.N.Y. May 31, 2013) (recognizing the preclusive effect of judicially reviewed SDHR determinations).  The DSNY has not explained why the SDHR's determinations should have preclusive effect in this case, and for this reason the Court addresses only the preclusive effect of the determinations made in the plaintiff's Article 78 proceeding.  See Astoria Fed. Sav. & Loan

provides, in relevant part, that the "judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."  28 U.S.C. § 1738.  Under the full faith and credit statute, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 81 (1984).  Therefore, New York law governs this Court's collateral estoppel analysis.

The doctrine of collateral estoppel—also known as issue preclusion—prohibits a party from re-litigating an issue in certain circumstances.  Under New York law, collateral estoppel bars claims where "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party

---

<u>Ass'n v. Solimino</u>, 501 U.S. 104, 110-11 (1991) ("[T]he [ADEA] . . . carries an implication that the federal courts should recognize no preclusion by state administrative findings with respect to age-discrimination claims."); <u>Elliott</u>, 478 U.S. at 796 ("Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims."); <u>Kosakow v. New Rochelle Radiology Assocs., P.C.</u>, 274 F.3d 706, 735 (2d Cir. 2001) ("[T]o the extent [the plaintiff's] employment discrimination claims were based on the ADA, the determinations of the [S]DHR would have had no effect on subsequent federal litigation." (citations omitted)).

against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." Colon v. Coughlin, 58 F.3d 865, 869 (2d Cir. 1995) (citations omitted); see also Phifer v. City of New York, 289 F.3d 49, 56 (2d Cir. 2002).  "Collateral estoppel is a flexible doctrine and whether to apply it in a particular case depends on general notions of fairness involving a practical inquiry into the realities of the litigation."  Peterson v. City of New York, No. 11 Civ. 3141, 2012 WL 2148181, at *1 (S.D.N.Y. June 13, 2012) (citation omitted).  The DSNY, as the party asserting issue preclusion, bears the burden of showing that the identical issue was previously decided, while the plaintiff bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding.  Colon, 58 F.3d at 869.

The New York test for collateral estoppel has been met with respect to the plaintiff's claims arising under the ADA because those claims are predicated on issues litigated and decided in the plaintiff's Article 78 proceeding—namely, whether the plaintiff was fired because of her disability or because she requested accommodation for her disability, and whether the DSNY failed to accommodate her disability.  In her Article 78 petition, the plaintiff alleged that she brought her disability to her supervisors' attention and was subsequently denied accommodation and terminated.  (See LaRose Decl., Ex. 1 at 1-2.)

The plaintiff has made the same factual allegations before this Court—namely, that she brought her disability to the attention of her supervisor, was not offered any accommodation, and thereafter was suspended and then terminated.  (See Am. Compl. at 9.)  The state court concluded that there was no evidence that the plaintiff had been terminated because of her disability or for any unlawful reason.  Lawtone-Bowles, No. 401513/12, at 2-3.  The issues underlying the plaintiff's ADA claims in this action are therefore identical to issues that were actually and necessarily decided in the plaintiff's Article 78 proceeding. Because the plaintiff does not dispute that she had a full and fair opportunity to litigate these issues in her Article 78 proceeding or that Article 78 court determinations have preclusive effect in contexts such as this one, both prongs of the New York test for collateral estoppel have been met, and the plaintiff's claims for discrimination, retaliation, and failure to accommodate under the ADA must be dismissed.[8]

---

[8] The DSNY argues that *all* of the plaintiff's discrimination claims are barred by collateral estoppel.  However, the DSNY has failed to explain why the issues underlying the plaintiff's Title VII and ADEA claims were actually and necessarily decided in the Article 78 proceeding.  The state court's conclusion that the plaintiff was not terminated "for any improper reason" does not, without more, have issue preclusive effect in this action, because issues of race-, color-, sex-, religion-, national origin-, and age-based discrimination were not raised before the state court, and it is irrelevant for collateral estoppel purposes whether or not they could have been raised.  See

B.

The DSNY next argues that the plaintiff's claims against it must be dismissed in their entirety under Rule 12(b)(6) because the plaintiff has failed to state any claims upon which relief may be granted.  The Court addresses the DSNY's arguments with respect to each individual remaining claim in turn.

1.

The plaintiff checked a box on her form complaint indicating that some of her claims arise under Title VII.  (Am. Comp. at 1.)  Elsewhere, she checked boxes indicating that she alleges that her termination was the result of discrimination based on, among other categories, race, color, sex, religion, and national origin.  (Am. Compl. at 2-3.)

To state a claim for employment discrimination under Title VII, a plaintiff must allege that she suffered an adverse employment action because of her race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a).  Although a plaintiff

---

Santana Prods., Inc. v. Sylvester & Assocs., Ltd., 279 F. App'x 42, 43-44 (2d Cir. 2008) (summary order).  Moreover, although these issues do appear to have been raised in the plaintiff's SDHR proceeding, (see LaRose Decl., Ex. 3 at 3), an unreviewed SDHR determination would not have preclusive effect in this action.  Accordingly, collateral estoppel bars only the plaintiff's ADA claims.

is not required to allege facts establishing a prima facie case of discrimination to survive a motion to dismiss, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002), a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted); see also Rullan v. N.Y. City Sanitation Dep't, No. 13 Civ. 5154, 2014 WL 2011771, at *6 (S.D.N.Y. May 16, 2014).

In this case, the plaintiff alleges that she is a member of multiple protected classes, but she has not alleged any facts that yield an inference that she was discharged because of her membership in these protected classes. See, e.g., Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (affirming dismissal of a Title VII claim for failure to allege discriminatory animus based on sex); Williams v. Wellness Med. Care, P.C., No. 11 Civ. 5566, 2013 WL 5420985, at *6 (S.D.N.Y. Sept. 27, 2013) (dismissing Title VII claims for failure to allege discriminatory animus based on race); Jenkins v. N.Y. City Dep't of Educ., No. 10 Civ. 6159, 2011 WL 5451711, at *4 (S.D.N.Y. Nov. 9, 2011) (dismissing Title VII claims for failure to allege discriminatory animus based on race or sex), aff'd, 508 F. App'x 66 (2d Cir. 2013) (summary order). Although a plaintiff need not allege each element of a prima facie claim to survive a motion to dismiss, the facts alleged must support a plausible

15

inference of discrimination on the basis of a protected characteristic.  Rullan, 2014 WL 2011771, at *6.  Even construing the plaintiff's pro se Complaint liberally to raise the strongest arguments it suggests, the plaintiff has failed to state a claim that is plausible on its face.  See Saidin v. N.Y. City Dep't of Educ., 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007), reconsid. denied, 245 F.R.D. 175 (S.D.N.Y. 2007).  Her claim for employment discrimination under Title VII must therefore be dismissed.  See Patane, 508 F.3d at 112; Rullan, 2014 WL 2011771, at *6; Williams, 2013 WL 5420985, at *6; Jenkins, 2011 WL 5451711, at *4; Jackson v. NYS Dep't of Labor, 709 F. Supp. 2d 218, 226-27 (S.D.N.Y. 2010), appeal dismissed, 431 F. App'x 21 (2d Cir. 2011) (summary order).

2.

The plaintiff also alleges employment discrimination in violation of the ADEA.  (See Am. Compl. at 1, 3.)  To plead a claim of age discrimination under the ADEA, the plaintiff must allege sufficient facts to support a plausible inference that she suffered an adverse employment action because of her age.  29 U.S.C. § 623(a); see also Caskey v. Cnty. of Ontario, -- F. App'x --, 2014 WL 1099232, at *1 (2d Cir. 2014) (summary order) (citation omitted).

The plaintiff, who was born on December 4, 1971, (see Am. Compl. at 3), alleges that she was within a protected class for ADEA purposes, see 29 U.S.C. § 631(a) ("The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age."), but she fails to allege any facts supporting an inference of adverse employment action due to her membership in this protected class.  The *sine qua non* of a discrimination claim is that the discrimination was *because of* a protected characteristic.  Patane, 508 F.3d at 112; Das v. Duane Reade, No. 14 Civ. 1717, 2014 WL 1894359, at *4 (E.D.N.Y. May 8, 2014). Because the plaintiff has failed to allege any facts supporting an inference of age discrimination, her ADEA claim must be dismissed.[9]  See, e.g., Das, 2014 WL 1894359, at *4; Stoner v. Young Concert Artists, Inc., No. 13 Civ. 4168, 2014 WL 661424, at *6-7 (S.D.N.Y. Feb. 7, 2014); Ercole v. LaHood, No. 07 Civ. 2049, 2011 WL 1205137, at *10 (E.D.N.Y. Mar. 29, 2011), aff'd, 472 F. App'x 47 (2d Cir. 2012) (summary order), cert. denied, 133 S. Ct. 1479 (2013).

---

[9] The plaintiff also brings a claim for disability discrimination under the ADA.  There is no occasion to address the sufficiency of this claim because the plaintiff is collaterally estopped from bringing this claim.

3.

The plaintiff alleges that her suspension and termination constituted unlawful retaliation under Title VII and the ADEA.[10] To state a claim for retaliation under either Title VII or the ADEA, a plaintiff must plead facts tending to show that: "(1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." Patane, 508 F.3d at 115 (citation omitted) (Title VII); see also Mabry v. Neighborhood Defender Serv., 769 F. Supp. 2d 381, 397 (S.D.N.Y. 2011) (ADEA). "With respect to the first element, participation in protected activity, the plaintiff need not establish that the conduct she opposed was actually a violation of [the statute], but only that she possessed a good faith, reasonable belief that the underlying employment practice was unlawful under that statute." Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998) (citations and internal quotation marks omitted); see also Dinicola v. Chertoff, No. 05 Civ. 4968, 2007 WL 1456224, at *5 (E.D.N.Y. May 16, 2007). The reasonableness of the plaintiff's belief is to be evaluated in light of the

---

[10] There is no occasion to address the sufficiency of the plaintiff's ADA retaliation claim because that claim is barred by the doctrine of collateral estoppel.

18

totality of the circumstances.  <u>Galdieri-Ambrosini</u>, 136 F.3d at
292.

Here, the plaintiff alleges that she "filed an[] EEO
complaint against an employee while in training because he
constantly verbally abused [her]," (Am. Compl. at 9; <u>see also</u>
Am. Compl. at 3), and that she "filed a verbal complaint against
[Defendant Pouncie] with [Pouncie's] supervisor because
[Pouncie] was rude and obnoxious to her when [they] had to work
together."  (Am. Compl. at 7.)  Nothing about the alleged EEO
complaint yields any basis for concluding that the plaintiff had
an objectively reasonable belief that the conduct she was
complaining about had anything to do with her membership in a
protected class.  <u>See, e.g.</u>, <u>McManamon v. Shinseki</u>, No. 11 Civ.
7610, 2013 WL 3466863, at *5 (S.D.N.Y. July 10, 2013); <u>Santucci
v. Veneman</u>, No. 01 Civ. 6644, 2002 WL 31255115, at *4-5
(S.D.N.Y. Oct. 8, 2002); <u>cf.</u> <u>Freeman v. Dep't of Envtl.
Protection</u>, No. 10 Civ. 1555, 2013 WL 817221, at *10 (E.D.N.Y.
Feb. 5, 2013) (Report and Recommendation of the Magistrate
Judge) (collecting cases), <u>adopted by</u> 2013 WL 801684 (E.D.N.Y.
Mar. 5, 2013); <u>Springle v. Metro. Transp. Auth.</u>, No. 06 Civ.
734, 2008 WL 331362, at *11 (S.D.N.Y. Feb. 1, 2008).  Where, as
here, the plaintiff "[m]ere[ly] complain[s] of unfair treatment
by an individual," there is no basis for a finding of unlawful
retaliation.  <u>Filippi v. Elmont Union Free Sch. Dist. Bd. of</u>

Educ., No. 09 Civ. 4675, 2012 WL 4483046, at *16 (E.D.N.Y. Sept. 27, 2012).  Even construing the Amended Complaint liberally, the plaintiff has failed to allege a plausible claim of retaliation in violation of Title VII or the ADEA, and her retaliation claims must therefore be dismissed.

C.

For the foregoing reasons, all federal claims against the DSNY must be dismissed.[11]  In addition to her federal claims, the plaintiff brings several claims against the DSNY and Pouncie under state law.  These include claims for discrimination under the NYSHRL and the NYCHRL, and tort claims for assault and negligent supervision and retention.  (See Am. Compl. at 1, 3, 7, 9.)  The DSNY argues that the state-law discrimination claims against the DSNY should be dismissed under the election-of-remedies doctrine, see N.Y. Exec. Law § 297(9) and N.Y.C. Admin. Code § 8-502(a); that any claim against the DSNY for vicarious liability stemming from the alleged assault should be dismissed for failure to state a claim under Rule 12(b)(6); and that, although Pouncie has not been served and counsel for the DSNY

---

[11] There are no federal claims against Individual Defendant Pouncie because, for all purposes relevant to the current motion, individual employees cannot be liable for employment discrimination under the ADA, the ADEA, or Title VII.  See Mabry, 769 F. Supp. 2d at 391.

20

has not appeared on Pouncie's behalf, all claims against Pouncie should be dismissed *sua sponte* for the reasons that apply to the claims against the DSNY.  The DSNY proffers no basis for dismissal of the negligent supervision and retention claims, which it appears to have overlooked.[12]

A district court may decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).  When all federal claims are eliminated before trial, the balance of factors to be considered—including

---

[12] Counsel for the DSNY has construed the Amended Complaint as alleging only one tort claim against the DSNY—a cause of action for vicarious liability arising from the plaintiff's allegation that she was assaulted by Pouncie.  However, it is plain that the plaintiff also brings a claim against the DSNY for negligent supervision and retention.  This sort of claim "require[s] allegations that the defendant knew or should have known of its employee's propensity to engage in the conduct that caused the plaintiff's injuries, and that the alleged negligent supervision or retention was a proximate cause of those injuries." Gray v. Schenectady City Sch. Dist., 927 N.Y.S.2d 442, 445 (App. Div. 2011) (citations omitted); see also Bouchard v. N.Y. Archdiocese, 719 F. Supp. 2d 255, 261 (S.D.N.Y. 2010) (listing the elements of a negligent supervision or retention claim), appeal dismissed, 458 F. App'x 37 (2d Cir. 2012) (summary order).  The plaintiff alleges that the DSNY "failed to keep [her] safe as an employee" because the DSNY "knew Kadaya Pouncie had a drug problem and was in several work place violence incidents with other employees."  (Am. Compl. at 9; see also Am. Compl. at 3.)  The DSNY argues that the Amended Complaint should be dismissed in its entirety, but it does not address these allegations.

judicial economy, convenience, fairness, and comity—typically points towards declining to exercise supplemental jurisdiction over any remaining state-law claims.  Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122-24 (2d Cir. 2006).  Having dismissed all of the claims over which this Court has original jurisdiction,[13] declining to exercise supplemental jurisdiction over the state-law claims is appropriate at this early stage in the litigation.  See, e.g., Elgendy v. City of New York, No. 99 Civ. 5196, 2000 WL 1119080, at *6 (S.D.N.Y. Aug. 7, 2000) (declining to exercise supplemental jurisdiction over state-law claims after granting the defendant's motion to dismiss the federal claims).  The Court therefore dismisses the plaintiff's state-law claims against the DSNY and Pouncie without prejudice.

---

[13] This Court had original jurisdiction over the ADA, ADEA, and Title VII claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).  As explained above, the federal claims against the DSNY are dismissed in their entirety, and there are no federal claims against Pouncie.  There is also no diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332(a).  The plaintiff and the DSNY are both alleged to be citizens of New York, which would destroy complete diversity for purposes of diversity-of-citizenship jurisdiction.  Moreover, the address provided for Pouncie is the Manhattan office of the New York City Law Department, and there is no allegation that Pouncie is a citizen of any state other than New York.  The plaintiff has therefore failed to allege any basis for diversity-of-citizenship jurisdiction.  See Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

See Chen v. Major League Baseball, -- F. Supp. 2d --, 2014 WL 1230006, at *9 (S.D.N.Y. 2014).


CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the DSNY's motion to dismiss the plaintiff's ADA, ADEA, and Title VII claims is **granted**, and all federal claims are dismissed.  The plaintiff's state-law claims are **dismissed without prejudice**.  The Clerk is directed to **close Docket No. 30**, to **enter judgment**, and to **close this case.**


**SO ORDERED.**

**Dated:    New York, New York**
**          May 30, 2014              _____/s/_____**
**                                         John G. Koeltl**
**                                 United States District Judge**


23